# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| EMMANUEL EVARISTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 16-12492-DJC |
| ) | |
| UNITED STATES SECRET SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                           **January 31, 2017**

On December 27, 2016, the Court ordered the plaintiff to show good cause why this action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2). D. 5. The Memorandum and Order stated that his complaint is identical to the complaint he filed in Evariste v. U.S. Secret Service, et al., C.A. No. 07-11363-NG (closed Apr. 27, 2009). After the 2007 action was dismissed, plaintiff was free to refile his complaint within the applicable statute of limitations.[1] However, he did not re-file the instant complaint until December 6, 2016, over seven years after the dismissal of plaintiff's original action.

Now before the Court is plaintiff's one-page response. D. 7. In his show cause response, plaintiff explains that when his original lawsuit was filed in 2007, he was (1) 21 years old, (2)

---

[1] Plaintiff's civil rights claim is subject to Massachusetts' three-year statute of limitations. See Roman v. Townsend, 224 F. 3d 24, 29 (1st Cir. 2000); Mass. Gen. L. c. 260, § 2A (three-year statute of limitations for personal injury claims). Plaintiff's FTCA claim is subject to Section 2401(b) of title 28 which states that an FTCA claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after" the agency denies the claim. See 28 U.S.C. § 2401(b).

without funds to retain an attorney and (3) unsuccessful in his efforts to obtain a public defender. Id. He further explains that without legal knowledge, he believed it would have been frivolous for him to have the case reopened without an attorney. Id. He now asks the Court to issue summons and to "overrule the statute of limitation of this case due to [plaintiff's] Pro Se status, [his] age at the time of the incident, and the seriousness of the torts." Id.

After review of plaintiff's show cause response, the Court finds that he has failed to demonstrate any reason why this action should not be dismissed as untimely. Although plaintiff provides an explanation as to why he did not reinstate his claims sooner, such explanation bolsters the finding that his claims are time-barred.

Accordingly, in accordance with this Court's Order, dated December 27, 2016, and plaintiff not having shown good cause why this case should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2), it is ORDERED that this action be and it is hereby DISMISSED.

**SO ORDERED.**

       /s/ Denise J. Casper
       Denise J. Casper
       United States District Judge